COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Frank, Huff and Senior Judge Haley


CARLE WHITEHEAD, JR.

MEMORANDUM OPINION[*]

v.      Record No. 0412-14-2

PER CURIAM

SEPTEMBER 23, 2014

MPW INDUSTRIAL SERVICES, INC. AND
  AMERICAN ZURICH INSURANCE COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Carle Whitehead, Jr., *pro se*, on brief).

(Sean M. O'Connor; Emily O. Sealy; Midkiff, Muncie & Ross, P.C.,
on brief), for appellees.


Carle Whitehead, Jr. appeals a decision of the Workers' Compensation Commission

finding that he did not prove a compensable injury by accident. In addition to his argument that

the commission erred by finding that he did not prove a compensable injury by accident,

appellant argues that the employer did not follow the proper protocols after being notified of the

incident, that there were errors in the transcript from the hearing with the deputy commissioner,

that a key witness did not testify at the hearing, although he was waiting outside, that he had

ineffective assistance of counsel, and that the employer committed fraud against the commission

and wrongfully terminated appellant.[1] Appellant also challenges the credibility of some of the

witnesses.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The commission stated that appellant raised "other allegations and references to possible civil actions," as he does on appeal. However, the commission explained that it was "without jurisdiction to address them . . . [because] [t]hey are beyond the scope of the Virginia Workers' Compensation Act." Likewise, this Court does not have jurisdiction to review those issues dealing with the employer's protocols, the hearing transcript, the presence (or lack

We have reviewed the record and the commission's opinion and find that this appeal is without merit. Appellant failed to comply with Rules 5A:20 and 5A:25. Appellant's opening brief does not contain a table of contents or table of authorities, as required by Rule 5A:20(a). It does not include a brief statement of the nature of the case, as required by Rule 5A:20(b). Appellant's opening brief does not contain any assignments of error, as required by Rule 5A:20(c). The brief also does not contain a "clear and concise statement of the facts that relate to the assignments of error, with references to the pages of the transcript, written statement, record, or appendix," as required by Rule 5A:20(d). Furthermore, appellant did not comply with Rule 5A:20(e) because the brief does not include the standard of review for each assignment of error, nor does it contain any legal authority to support appellant's arguments. The appendix does not include a table of contents or the commission's opinion. Rule 5A:25. This Court finds that appellant's failure to comply with Rules 5A:20 and 5A:25 is significant, so we will not consider his arguments on appeal. See Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008); cf. Rules 5A:1A(a) (authorizing dismissal of appeal or "such other penalty" deemed appropriate); 5A:26 (authorizing additional dismissal remedy in appropriate cases).

Accordingly, we affirm for the reasons stated by the commission in its final opinion. Rule 5A:27; see Whitehead v. MPW Indus. Servs., Inc., VWC File No. VA00000752316 (Jan. 30, 2014).

Affirmed.

---

thereof) of a witness, the "wrongful termination," and the performance of his counsel. See Code § 17.1-405.